BOOTH et al. v. DODGE et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

CORPORATIONS—ACCOUNTING—DECLARATION OF TRUST—VIOLATION.

　　Plaintiffs alleged that they were minority stockholders in a joint-stock company organized by the owner of certain patents, and that the owner, who was president, had made a declaration of trust vesting the legal title of the patents and all property which the association might have in trustees to hold for the association; that the association issued shares to members according to their respective interests; and that, on certain members surrendering their shares in discharge of indebtedness, the president surreptitiously sold such shares where he could control them, and thereafter, by the control thus obtained, transferred the property of the association to a corporation organized for the purpose. *Held*, that it was error to sustain a demurrer, as plaintiffs had averred a violation of trust entitling them to an accounting.

Appeal from special term, New York county.

Action by Henry P. Booth and another against Theodore A. Dodge and others. From a judgment sustaining demurrers, plaintiffs appeal. Judgment as to the defendant Dodge reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. J. Morrison, for appellants.

Joseph Kling, for respondent Brown and another.

Edwards H. Childs, for respondent Dodge.

O'BRIEN, J. In this action the plaintiffs, as minority shareholders in the Tillinghast Tire Association, complain of certain acts of that association, which they claim are illegal, and in violation of their rights. This association is a joint-stock company, which came into being under a declaration of trust made by Theodore A. Dodge, one of the defendants. It appears that he was the owner of certain patents, in which other persons also were beneficially interested. In order to carry on business with the patents, and to have an organization for that purpose, as well as to define and secure the rights of all, the declaration of trust was made by Dodge as trustee, and the Tillinghast Tire Association was formed with Dodge as president. In the declaration of trust it was provided that the legal title to the patents and to all the property which the association might have should be in the trustee in trust for the association, and that the latter should be the equitable owner of the property. The association issued 4,000 shares of stock, of which 90 per cent. was divided among the then members of the association according to their respective interests, and the remaining 10 per cent. it was agreed should be held as treasury shares. The plaintiffs are, and were at all times mentioned in the complaint, the owners of 522 shares of the capital stock of the association. The complaint alleges that the Single-Tube Automobile

Bicycle Tire Company was organized under the laws of New Jersey by the defendant Dodge and others for the purpose of gaining control of the assets and property of the Tillinghast Tire Association; that a Boston company owned 450 shares of the Tillinghast Association, and, being unable to meet its obligations to that association, surrendered to it the 450 shares in discharge of its indebtedness; that these shares so surrendered were surreptitiously sold to the defendant Brown, in contravention of the declaration of trust made by Dodge; that with these 450 shares of stock reissued to Brown, Dodge obtained the control of a legal majority of the capital stock of the Tillinghast Association, and, availing himself of this control, transferred the property and assets of the association to the New Jersey corporation; that this latter company has a nominal capital of $1,000,000, and had no property or assets of any kind at the time of its organization, nor has it since had, except such as was obtained by the acquisition of the assets and property of the Tillinghast Tire Association so transferred to it. Further, it is alleged that of the $1,000,000 of stock of the New Jersey company an improper disposition was made, and $150,000 of stock thereof was transferred and delivered to persons unknown to plaintiffs. Without referring more at length to the allegations of this voluminous complaint, we think that enough has been stated to show that the plaintiffs, as against Dodge, who was their trustee, are entitled to an accounting. Such allegations, if true, show that he violated his trust in transferring trust property in the manner and for the consideration set forth to a corporation in which he had become interested as a stockholder, and which he and others had organized for the very purpose of gaining control of the assets and property of the Tillinghast Association, the legal title to which was given to him in trust, and in which assets and property the plaintiffs had an equitable or beneficial interest to the extent of the shares which they held in that association. We think, therefore, that the complaint states facts sufficient to show that the plaintiffs are beneficiaries under the trust agreement by virtue of which Dodge became trustee, and that with respect to his management of the trust and the trust property—practically upon allegations that he has illegally transferred such property to another corporation, which he, together with others, had formed, and in which he was interested—they are entitled to an accounting from him, for which, among their other prayers for relief, they asked. With respect to the demurrers interposed by the other defendants which were sustained by the interlocutory judgment, we think it is unnecessary for us to add to the opinion of the learned judge at special term, our conclusion as to them being that the judgment should be affirmed, with costs to such defendants. As to the defendant Dodge as trustee, however, we think that the judgment should be reversed, with costs to the appellants, but with leave to him to withdraw his demurrer and answer upon payment of costs in this court and in the court below. As to the other defendants, judgment affirmed, with costs. All concur.